UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | Criminal No. 07-127-P-H |
| ) | |
| **KARL KNIGHT,** ) | |
| ) | |
| **Defendant** ) | |

**DECISION AND ORDER ON DEFENDANT'S
MOTION TO DISMISS INDICTMENT**

The issue here is whether the recent Supreme Court decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), affects question 12.h on ATF Form 4473, the question that asks a firearms purchaser, "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?" I conclude that Heller does not affect the materiality of the answer to question 12.h, and deny the defendant's motion to dismiss the indictment against him.

The indictment charges the defendant with making a materially false statement on October 14, 2004, in trying to purchase a firearm. According to 18 U.S.C. § 922(a)(6), it is unlawful for a firearms purchaser to make a "false . . . written statement . . . intended or likely to deceive . . . [a firearms] dealer . . . with respect to any fact material to the lawfulness of the sale." Specifically, the indictment charges that the defendant falsely answered "No" to question 12.h on

ATF From 4473, whereas just such an Order had been entered against him on August 26, 2004.

The defendant asks me to dismiss the Indictment as a result of the recent Supreme Court decision in District of Columbia v. Heller, 128 S. Ct. 2783. In Heller, the Court recognized for the first time an individual right under the Second Amendment to bear arms, and struck down the District of Columbia's outright ban on handgun possession. But Heller also stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings," id. at 2816-17, and made clear that those were only *examples* of presumptively lawful prohibitions, not an exhaustive list. Id. at n.26. Heller made no specific reference to prohibitions on firearms possession on the part of defendants subject to domestic abuse protection orders, a prohibition that is not as "longstanding" as the prohibition on felons possessing firearms. Nor did Heller refer to false statement crimes.

I observe first that this defendant is not charged with illegally possessing a firearm. Instead he is charged with giving a materially false answer to an ATF-crafted question while he was attempting to purchase a firearm. Heller certainly does not eliminate the crime of false statements. The defendant's argument needs to be (neither he nor the government address their arguments this way) that his false answer is no longer, in the words of the statute, "material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6). In other words, his argument must be that, if

2

he is correct that people subject to a harassment order can no longer be prohibited from carrying firearms, then the truthfulness of his answer to question 12.h is no longer material to the lawfulness of the sale.  I will proceed on the premise that this is the nature of the dispute here.

The answer to question 12.h is material to a firearms dealer in selling a firearm only if § 922(g)(8) lawfully prohibits people who are subject to certain court orders from possessing a firearm.  If Heller makes such a prohibition unconstitutional, then the § 922(g)(8) crime can no longer exist and the answer to question 12.h is no longer material.  I conclude that Heller does not make unconstitutional the § 922(g)(8) crime. Unlike Heller, the § 922(g)(8) crime is not an outright ban on firearm possession.  Instead, the prohibition lasts only as long as the underlying state court order is in effect.  And the scope of the prohibition is actually quite narrow.  It applies only if the pertinent court order:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

18 U.S.C. § 922(g)(8).  Reducing domestic violence is a compelling government interest, see United States v. Lippman, 369 F.3d 1039, 1043 (8th Cir. 2004), cert.

3

denied, 543 U.S. 1080 (2005), and 922(g)(8)'s temporary prohibition, while the state court order is outstanding, is narrowly tailored to that compelling interest. Id. Accord United States v. Emerson, 270 F.3d 203 (5th Cir. 2001), cert. denied, 536 U.S. 907 (2002).[1]  The threatened conduct that is a prerequisite to the prohibition is serious: "harassing, stalking, threatening," or other conduct that would cause "reasonable fear of bodily injury"; and the court order must make a specific finding of "a credible threat to the physical safety" of an intimate partner or child or an explicit prohibition on the use of force "that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8). These are narrowly crafted limits on when a citizen may possess a firearm and well tuned to the legitimate concerns of avoiding serious physical injury to a partner or child.  I conclude that Heller does not make the prohibition unconstitutional.  Since the prohibition is still valid, the answer to question 12.h remains material.

      The defendant makes a number of other arguments that are premised on what he believed at the time he tried to purchase the firearm, what his lawyer told him, what the state judge said in his order (that the order did not prohibit firearm possession), etc.  But all of these, if they are relevant at all, affect only whether the government can prove the necessary state of mind for the crime, not the constitutionality of § 922(g)(8), and hence the materiality of the defendant's false answer.

      For those reasons, the motion to dismiss the indictment is **DENIED**.

---

[1] Like United States v. Booker, 2008 WL 3411793 (D. Me. August 11, 2008), I find it unnecessary
*(continued on next page)*

**SO ORDERED.**

**DATED THIS 4TH DAY OF SEPTEMBER, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

to determine the standard of review. Section 922(g)(8) passes muster under any standard.